# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL PULLETT, | 1: 08 CV 00250 AWI WMW HC |
| Petitioner, | ORDER DENYING MOTIONS FOR RECONSIDERATION REGARDING STAY AND ABEYANCE |
| v. | [Doc. 23, 24] |
| ANTHONY HEDGPETH, WARDEN, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. On December 20, 2007, Petitioner filed a motion for a stay in this case until he obtained an attorney. On January 17, 2008, the court denied that motion.

On April 15, 2008, and April 28, 2008, Petitioner filed two motions, both captioned as motions for reconsideration, in which Petitioner asks the court to hold his federal petition in abeyance until he can exhaust his state judicial remedies. A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276, 125 S.Ct. 1528, 1534, (2005); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-88 (9th Cir.

1998); Greenawalt v. Stewart, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1102 (1997). However, the Supreme Court recently held that this discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Rhines, 125 S.Ct. at 1534. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 278, 1535, 278.  Even if Petitioner were to demonstrate good cause for that failure, "the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id.

In this case, the court does not find good cause to excuse Petitioner's failure.  Petitioner does not explain what claims he wishes to exhaust in the state courts or why he did not do so earlier. Staying the case without this information would frustrate AEDPA's objective of encouraging finality and undermines AEDPA's objective of streamlining federal habeas proceedings. Id. at 1534. Accordingly, Petitioner's motion for stay of the proceedings is hereby DENIED.

IT IS SO ORDERED.

**Dated:    May 12, 2008**                    **/s/  William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE