UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL PULLETT,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>ANTHONY HEDGPETH, WARDEN,<br><br>　　　　　　Respondent.<br>_____/ | 1: 08 CV 00250 AWI  WMW HC<br><br>FINDINGS AND RECOMMENDATIONS RE RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 28] |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254.  Pending before the court is Respondent's motion to dismiss for lack of exhaustion.

**LEGAL STANDARD**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct.

1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1174 (citations omitted). "Rather,

that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

Respondent moves to dismiss this petition on the ground that the single claim for relief contained in the petition, a claim for ineffective assistance of counsel, is unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan,

1  513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For
2  example, if a petitioner wishes to claim that the trial court violated his due process rights "he must
3  say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A
4  general appeal to a constitutional guarantee is insufficient to present the "substance" of such a
5  federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)
6  (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an
7  argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074
8  (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional
9  guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

10  It is undisputed that the single claim for relief raised by Petitioner in this petition, a claim for
11  ineffective assistance of counsel, has not been presented to the California Supreme Court.  The court
12  therefore finds that it is unexhausted.

13  During the pendency of this case, the court has denied a motion for stay and abeyance
14  pending exhaustion of other potential claims in state court, and has also denied repeated motions for
15  reconsideration of that denial.  Petitioner's requests for stay and abeyance were denied on the
16  grounds that Petitioner did not identify what other claims he sought to raise or why he did not raise
17  these claims in his original petition.   Petitioner filed an opposition to Respondent's motion to
18  dismiss, in which he does not dispute that he has not exhausted his claim, arguing only that if the
19  court granted  his motion for reconsideration re  for stay and abeyance,  the motion to dismiss would
20  become moot.  Petitioner further asks that if his petition is dismissed, it be dismissed without
21  prejudice.  In regard to this request, Petitioner should note that there is a one year limitations period
22  in which petitioner must file his federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).
23  In most cases, the one year period starts to run on the date the California Supreme Court denied
24  Petitioner's direct review.  See id.  Although the limitations period tolls while a properly filed
25  request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), is does not toll for the
26  time an application is pending in federal court. Duncan v. Walker, 121 S.Ct. 2120, 533 U.S. 167
27  (2001).

28  On July 29, 2008, Petitioner filed a "Motion to Dismiss All Unexhausted State Habeas

Claims and to Further Proceed with the Remaining Federal Meritorious Claims." Respondent opposes the motion. The court finds that this motion is meritless, because as explained above, only one claim for relief has been raised in this petition. That claim is unexhausted and there are no "remaining federal meritorious claims." Petitioner's motion will therefore be denied be separate order.

On August 27, 2008, Petitioner filed a "Motion to Define Unexhausted and Exhausted Claims." In this motion, Petitioner identifies his claim of ineffective assistance of counsel as unexhausted. He further identifies three other "claims" which he states are unexhausted. He states that, "the ATTORNEY GENERAL has conceded that their offices has no objection to proceeding with these claims." This is not correct. The Attorney General has not indicated that it does not object to proceeding on these additional "claims." Further, these "claims" are not part of the present petition. Accordingly, Petitioner's motion will be denied by separate order.

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1) that Respondent's motion to dismiss be GRANTED;
2) that this petition for writ of habeas corpus be DISMISSED for failure to exhaust state judicial remedies;
3) that the Clerk of the Court be directed to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the

District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

**Dated:   August 29, 2008**                 <u>/s/ **William M. Wunderlich**</u>
                                                           UNITED STATES MAGISTRATE JUDGE