IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELL PULLETT,                 )<br>                               )<br>         Petitioner,           )<br>                               )<br>     v.                        )<br>                               )<br>                               )<br>ANTHONY HEDGPETH, WARDEN,      )<br>                               )<br>         Respondent.           )<br>_____) | 1: 08-CV -0250 AWI WMW HC<br><br>ORDER DENYING<br>CERTIFICATE OF<br>APPEALABILITY |

    Petitioner, a state prisoner, filed a petition for a writ of habeas corpus pursuant to 28U.S.C. § 2254.  On October 9, 2008, the undersigned issued an order adopting the Magistrate Judge's findings and recommendations and dismissing the petition for writ of habeas corpus.

    On December 29, 2008, Petitioner filed a notice of appeal.  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).  The controlling statute, 28 U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.

> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Although no express request was made for a certificate of appealability, the notice of appeal is be deemed to constitute a request for a certificate.  See Fed. R.App. P. 22(b); United States v. Asrar, 108 F.3d 217, 218 (9th Cir. 1997).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484-85 (2000).  In the present case, the court finds that Petitioner has failed to carry his burden. Jurists of reason would not find it debatable that the petition was subject to dismissal because it contained an unexhausted claim.

Accordingly, the court DECLINES to issue a certificate of appealability.


IT IS SO ORDERED.

**Dated:    January 16, 2009**              /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE